UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CLARENCE R. HULL, JR.<br>No. 187983, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-cv-02920<br>JUDGE CRENSHAW |
| DAVIDSON COUNTY SHERIFF'S<br>OFFICE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and "A.B.L. Kitchen Staff," alleging violations of the Plaintiff's federal civil rights. (Doc. No. 1). As relief, the Plaintiff seeks compensatory damages and damages for his pain and suffering. (Id. at p. 6).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

2

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III. Alleged Facts**

The complaint alleges that, while the Plaintiff was an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, he worked in the Criminal Justice Center kitchen where he was required to wear boots for safety reasons. On December 17, 2015,[1] an unnamed corrections officer told the Plaintiff that he had to report to work duty in the kitchen. The Plaintiff told the corrections officer that he did not have the required work boots to wear for kitchen duty. The unidentified corrections officer told the Plaintiff that "if [he] didn't go [to work] he would write [the Plaintiff] up for refusal to work then [the Plaintiff] would be moved to another pod." (Doc. No. 1 at p. 5).

The Plaintiff complied and reported for kitchen duty while wearing Crocs. Upon reporting for duty, A.B.L. manager Randy l/n/u told the Plaintiff that he was short-staffed and needed the Plaintiff to work and "they would take care of [his shoe issue]." (Id. at p. 7). Randy l/n/u directed the Plaintiff to bag cookies for lunch, which the Plaintiff did.

Later that day, Randy l/n/u directed the Plaintiff to help the cooks because they were running

---

[1] The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 Fed. Appx. 114, 116 (6th Cir. 2008). The Plaintiff timely filed his complaint on November 13, 2016. Delays in screening the complaint were due to procedural issues with the Plaintiff's application to proceed *in forma pauperis*, which subsequently were resolved in the Plaintiff's favor.

behind. The Plaintiff protested, stating again that he did not have appropriate footwear. Randy l/n/u told the Plaintiff that he would be "written up for 'Refusing a direct order'" if he did not do as directed. (Id. at pp. 7-8). The Plaintiff complied and assisted Randy and another cook with a hot pan. The contents of the pan spilled, and scalding green bean juice fell onto the Plaintiff's left foot, which was largely exposed due to the holes in his Crocs. Randy l/n/u then directed the Plaintiff to see a nurse, but A.B.L. employee Ms. f/n/u Dickson told the Plaintiff "to put some butter on it" and go back to work. (Id. at p. 9). Confusion and disagreement ensued over when and who should complete an incident report form. However, after observing the Plaintiff's injuries, A.B.L. employee Jasmine l/n/u then escorted the Plaintiff to an office with a medical room attached to it, called for a nurse, and nurse f/n/u Roundtree gave the Plaintiff Tramadol (medication), placed an ice pack on the Plaintiff's foot, rubbed Silvadine on the Plaintiff's foot, and bandaged it.

The following day, the Plaintiff was brought by a corrections officer to see a different nurse, who, after examining the Plaintiff's foot, told him that he had third-degree burns and needed additional treatment. She called Dr. f/n/u Simmons into work early and Dr. Simmons examined the Plaintiff's foot. Dr. Simmons then began a course of treatment for the Plaintiff's burns.

Subsequently, the Plaintiff was taken to see a burns specialist at Vanderbilt. After speaking with the specialist, the Plaintiff learned that the nerves in his foot were permanently damaged and he would likely be in pain for the rest of his life. (Id. at pp. 18-19).

**IV. Analysis**

First, the complaint names the Davidson County Sheriff's Office as a Defendant to this action. However, police departments and sheriff's departments are not proper parties to a § 1983 suit; they are not bodies politic and, as such, as not "persons" within the meaning of § 1983. See, e.g., Smith v. Tenn. Dep't of Corr., No. 3:09-cv-0485, 2009 WL 1505308, at *3 (M.D. Tenn. May.

27, 2009). Therefore, the Davidson County Sheriff's Office is not a suable entity under § 1983. See Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the Plaintiff's claims against the Davidson County Sheriff's Office must be dismissed.

However, in the narrative portion of the complaint, the Plaintiff describes the alleged conduct of a Davidson County Sheriff's Office corrections officer who told the Plaintiff that he must report for kitchen work duty even without the required boots under threat of being disciplined and moved to a different pod. Although the Plaintiff does not identify this officer by name, construing the *pro se* complaint liberally, the Court finds that the Plaintiff intended to name this officer as a Defendant.

Although designation of a "John Doe" defendant is not favored, it is permissible when a defendant's identity is not known at the time the complaint is filed, but may be determined through discovery. See Berndt v. Tennessee, 796 F.2d 879, 882-84 (6th Cir. 1986). The Court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" Defendant (the unnamed Davidson County Sheriff's Office corrections officer) at this juncture because of the likelihood that the identity of this Defendant will be determined during discovery.

Next, the complaint also names "A.B.L. Kitchen" staff as Defendants to this action. In the narrative section of the complaint, the Plaintiff identifies by name two members of the A.B.L. kitchen staff who allegedly played a role in the events of December 17, 2015: kitchen manager Randy l/n/u and kitcher worker Ms. f/n/u Dickson. According to the complaint, the manager required the Plaintiff to work in the kitchen even though the manager was aware of the Plaintiff's unsafe footwear and likelihood of harm to the Plaintiff, and Ms. Dickson refused to permit the

5

Plaintiff to leave his work station to see a nurse after sustaining third-degree burns while helping the cooks.

Although the Plaintiff does not spell out this information, the Court takes judicial notice that ABL Management, Inc. is the entity under contract with the Davidson County Sheriff's Office to provide food service to inmates housed at the Criminal Justice Center. See Cloyd v. Dulin, No. 3:12-cv-1088, 2012 WL 5995234, at *5 n.1 (M.D. Tenn. Nov. 30, 2012)(Trauger, J.). The first question, then, is whether Defendant A.B.L., apparently a private entity, is a state actor for purposes of § 1983. The Sixth Circuit uses three tests to determine if private conduct of the sort alleged is attributable to the state. The tests are: (1) the public function test set forth in West v. Atkins, 487 U.S. 42, 49-50, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); (2) the state compulsion test set forth in Adickes v. S.H. Kress & Co., 398 U.S. 144, 170 (1970), 90 S. Ct. 1598, 26 L.Ed.2d 142; and (3) the symbiotic relationship or nexus test set forth in Burton v. Wilmington Parking Auth., 365 U.S. 715, 721-26, 81 S. Ct. 856, 6 L.Ed.2d 45 (1961). See e.g., Chapman v. Higbee Co., 319 F.3d 825, 833 n.8 (6th Cir. 2003)(citing Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir.1992)).

The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . ." Wolotsky, 960 F.2d at 1335. The state compulsion test requires the actor to exercise "such coercive power or provide such encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." Id. (quoting Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777, 73 L.Ed.2d 534 (1982)). Finally, under the symbiotic or nexus test, "the action of the private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." Id. (citing Jackson, 419 U.S. at 351 and Burton, 365 U.S. at 724-25).

6

Analyzed under the foregoing tests, Defendant A.B.L. is a state actor for purposes of § 1983. Providing food services to inmates is a traditional government function; A.B.L. is a corporation that contracts with Davidson County to provide food to inmates; and Davidson County delegated its duty to provide food service to inmates to A.B.L. See Wilson v. ABL Food Services, No. 3:11-cv-0530, 2012 WL 3779472, at *5 (M.D. Tenn. Aug. 7, 2012)("As an initial matter, Defendant ABL, as a corporation that contracts with the State to provide food to inmates, is a considered a state actor for purposes of § 1983.") See also West v. Atkins, 487 U.S. 42, 55-56, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988)(holding that private medical contractors such as those employed or contracted by Correct Care Solutions to provide medical care to prisoners are state actors for purposes of § 1983.).

The next question is whether the Plaintiff has alleged sufficient facts to support a claim that Defendant A.B.L. or its employees violated the Plaintiff's rights under the Eighth Amendment. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(collecting cases)(emphasis added); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing

to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)(citing Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." McCarthy v. Place, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000)(quoting Farmer, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" Id. Claims of negligence are insufficient to entitle a plaintiff to relief. See Farmer, 511 U.S. at 835.

Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. Garretson v. City of Madison Heights, 407 F.3d 789, 797 (6th Cir. 2005)(citing Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001)).

The Plaintiff alleges that he has sustained serious, debilitating, and permanent damage to his foot because of the actions of at least two A.B.L. employees. After reviewing the complaint, the Court finds that the Plaintiff states a colorable Eighth Amendment claim based on the allegation that Defendants Randy l/n/u acted with deliberate indifference to the Plaintiff's safety by demanding that the Plaintiff work in the kitchen without the appropriate safety footwear and that Defendant f/n/u Dickson acted with deliberate indifference to the Plaintiff's serious medical needs by refusing to

8

permit the Plaintiff to leave his work station to seek medical treatment for third-degree burns. 28 U.S.C. § 1915A. These claims shall proceed for further factual development.

**V.      Conclusion**

As set forth above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office. 28 U.S.C. § 1915A. Those claims, therefore, will be dismissed. However, the Court finds that the complaint states colorable claims under the Eighth Amendment against John Doe, the Davidson County Sheriff's Office corrections officer discussed in the narrative portion of the complaint, and A.B.L. employees Randy l/n/u and Ms. f/n/u Dickson. Those claims shall proceed for further development of the record.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

9