IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLARENCE R. HULL, JR. )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ELIOR, INC. d/b/a ELIOR-NA )<br>    Defendant. ) | Civil Action No. 3:16-cv-02920<br>Judge Crenshaw / Frensley |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Elior, Inc., the only remaining Defendant in this matter. Docket No. 51. Along with its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 52. In its Motion and supporting Memorandum, Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted because: (1) Defendant is not subject to vicarious liability under 42 U.S.C. § 1983 for the acts of the former individual defendants who were ABL employees and Plaintiff has failed to allege that the averred deliberate indifference was undertaken pursuant to any official policy or custom of Defendant's predecessor or because of the inadequacy of the training of its two kitchen employees; (2) the deadline for amending pleadings was June 22, 2020 and therefore has passed without Plaintiff making any further attempt to amend the Complaint to bring such claims. *Id.* Defendant further argues that Plaintiff's claims are barred by the one-year statute of limitations applicable to § 1983 actions in Tennessee. *Id., citing* Tenn. Code Ann. § 28-3-104(a).

Plaintiff has filed a Response. Docket No. 57. In his Response, Plaintiff argues that his case should not be dismissed because: (1) he has complied with the Court's request in a timely manner;

(2) he "did file within the one year state statute of limitation"; and (3) he was given additional time by this Court due to the "many obstacles that was [*sic*] placed before [him]." Docket No. 57. Plaintiff maintains that he "was made to work for ABL Management Inc. and wasn't provided with the proper equipment, safety, etc. and due to [him] not having the proper equipment, safety, etc. [he] was hurt and had to go through a long process to recover from the incident." *Id.*

Defendant has filed a Reply, arguing that Plaintiff's Response fails to address the legal issues raised in Defendant's Motion to Dismiss. Docket No. 58. Specifically, Defendant argues that Plaintiff has failed to allege in his pleadings that an official policy or custom of Defendant's predecessor was the moving force behind the alleged constitutional violation, and therefore his Complaint fails to state a claim upon which relief can be granted, such that is should be dismissed. *Id.* Defendant also argues that Plaintiff failed to obtain timely service of process on any of the original defendants and the amendments to Plaintiff's original Complaint therefore cannot relate back to the original filing date. *Id.* Accordingly, Defendant argues that its Motion to Dismiss should be granted. *Id.*

Plaintiff has also filed a second document which he titles as a "Response," but which is actually a Sur-Reply that was filed without leave of Court.[1] Docket No. 59. In his Sur-Reply, Plaintiff responds to Defendant's lack of timely service contention by renewing his assertion that he has complied with "everything the Court has ask[ed him to do] in a timely manner." *Id.* Plaintiff also argues that he's twice filed Motions asking for the appointment of counsel because he does not understand the Rules of Civil Procedure nor does he understand what the Court or Defendant's counsel is asking of him and therefore he can only respond to the things he understands. *Id.*

---

[1] Although filed without leave of Court, the undersigned will never-the-less consider Plaintiff's Sur-Reply. Docket No. 59.

Plaintiff also replies that, as a result of his incarceration, he is unable to locate "plaintiffs, witnesses, names, addresses, people, places an[d] things, etc." *Id.* Plaintiff maintains that he has done everything to the best of his ability. *Id.* Plaintiff reiterates that he was required to work in the kitchen on December 17, 2015, that he was wearing crocs instead of the required boots, and that he suffered "at least 3rd degree burn[s]" on his foot, leaving him with permanent nerve damage in his left foot. *Id.* Plaintiff renews his call for "justice" and asserts that Defendant's Motion should not be granted. *Id.*

For the reasons set forth below, the undersigned finds that Plaintiff has failed to allege the existence of a constitutionally deficient policy, practice, or custom of Defendant that caused him injury, and that, absent such, Plaintiff has failed to state a claim upon which relief can be granted.[2] Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 51) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

## II. FACTUAL ALLEGATIONS[3]

While Plaintiff was an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, he worked in the Criminal Justice Center kitchen where he was required to wear boots for safety reasons. Docket No. 1. On December 17, 2015, Defendant John Doe (an unnamed Corrections Officer "CO") told Plaintiff to report to work duty in the kitchen. *Id.* Plaintiff told the CO that he did not have the required work boots to wear for kitchen duty. *Id.* The CO told Plaintiff

---

[2] Because Plaintiff's complete absence of allegations regarding any official policy, practice, or custom whatsoever is fatal to his claim, the undersigned will not discuss Defendant's other grounds for dismissal.

[3] Although on July 13, 2018, Plaintiff submitted a letter which was construed as a Motion to Amend his Complaint (which was granted) seeking to change the Defendant from "ABL Kitchen Staff" to "ABL Management, Inc.," the allegations of his Complaint did not change. Accordingly, unless otherwise noted, the following factual allegations are found in Plaintiff's Original Complaint. Docket No. 1.

that if he did not go to work in the kitchen, he would write Plaintiff up for refusal to work and Plaintiff would be moved out of the work pod. *Id.*

Plaintiff complied and reported for kitchen duty while wearing Crocs. *Id.* Defendant ABL employee Randy l/n/u told Plaintiff that he was short-staffed and needed Plaintiff to work and they would take care of the boot issue. *Id.* Randy l/n/u directed Plaintiff to bag cookies for lunch, which Plaintiff did. *Id.*

Later that day, Randy l/n/u directed Plaintiff to help the cooks because they were running behind. *Id.* Plaintiff protested, stating again that he did not have appropriate footwear. *Id.* Randy l/n/u told Plaintiff he would be written up for refusing a direct order if he did not do as directed. *Id.* Plaintiff complied and assisted Randy l/n/u and another cook with draining the broiler. *Id.* As the boiler was being emptied into a pan Plaintiff was holding, the contents of the pan spilled, and scalding green bean juice fell onto the Plaintiff's left foot, which was largely exposed. *Id.* Randy l/n/u then directed Plaintiff to see a nurse, but ABL employee Ms. f/n/u Dickson told Plaintiff "to put some butter on it" and go back to work. *Id.* After observing Plaintiff's injuries, another ABL employee Jasmine l/n/u escorted Plaintiff to an office with a medical room attached to it, called for a nurse, and nurse f/n/u Roundtree gave Plaintiff some Tramadol, placed an ice pack on Plaintiff's foot, rubbed Silvadine on Plaintiff's foot, and bandaged it. *Id.*

Plaintiff was later treated by a burn specialist at Vanderbilt University Medical Center. *Id.* After speaking with the specialist, Plaintiff learned that the nerves in his left foot were permanently damaged and he would likely be in pain for the rest of his life. *Id.*

### III. Law and Analysis

A.      **Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim

upon which relief scan be granted.  In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face."  *Id*. at 1965, 1974.  *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B.     42 U.S.C. § 1983

#### 1.     Generally

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983.

Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326 (1941).

### 2. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).

6

Case 3:16-cv-02920   Document 60   Filed 01/11/21   Page 6 of 8 PageID #: 182

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### D. The Case at Bar

As an initial matter, Defendant is a private entity that contracts with the State to provide food service to prison inmates. A private entity that contracts with the State to perform a traditional state function, such as providing food service to prison inmates, acts under color of state law and may be sued under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Thus, Defendant is amenable to suit under § 1983.

42 U.S.C. § 1983 does not, however, permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996). In order for Defendant to be subject to liability under § 1983, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton* at 387-388; *Monell* at 690-691. Plaintiff has failed to do so.

As can be seen in Plaintiff's allegations recounted above, Plaintiff does not mention, much less allege, the existence of any policy, practice, or custom whatsoever. Plaintiff's failure to allege a constitutionally deficient policy, practice, or custom of Defendant that caused him injury is fatal to his claim. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

7

Case 3:16-cv-02920   Document 60   Filed 01/11/21   Page 7 of 8 PageID #: 183

## IV. CONCLUSION

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 51) be **GRANTED,** and that this action be **DISMISSED WITH PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**