# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CLARENCE R. HULL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-cv-02920 |
| ELIOR, INC. d/b/a ELIOR-NA, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 60) recommending that the Court grant Defendant Elior, Inc. d/b/a Elior-NA's ("Elior") Motion to Dismiss (Doc. No. 51). Plaintiff Clarence R. Hull, proceeding pro se, did not file any timely objections to the R&R, despite the R&R's specific warnings regarding waiver. (See Doc. No. 60 at 8).

Having thoroughly reviewed the R&R, the Court agrees that Hull failed to state a § 1983 deliberate indifference claim against Elior, a private corporation (see Doc. No. 43 at 1), because the Complaint does not allege that Elior "engaged in a 'policy or custom' that was the 'moving force' behind the deprivation of [Hull's] rights." Powers v. Hamilton Cnty. Pub. Defender Com'n, 501 F.3d 592, 607 (6th Cir. 2007) (quoting Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978)); see also Street v. Corr. Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996) (noting that the standards for § 1983 municipal liability extend to private corporations as well). Although courts construe a pro se litigant's arguments liberally, even a pro se "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (citations and internal quotation marks omitted).

Because the Complaint "does not mention, much less allege, the *existence* of any policy, practice, or custom whatsoever," (Doc. No. 60 at 7 (emphasis added)), Hull cannot hold Elior liable for his injuries under a theory of deliberate indifference.

Accordingly, the R&R (Doc. No. 60) is **APPROVED AND ADOPTED**; Elior's Motion to Dismiss (Doc. No. 51) is **GRANTED**; and this case is **DISMISSED WITH PREJUDICE**. This is a final order. The Clerk shall terminate any pending motions, enter judgment in accordance with Federal Rule of Civil Procedure 58, and close the file.

Hull is on notice that this Court is no longer the proper forum in which to raise arguments; if he disagrees with the Court's rulings, his only option this point forward is to file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE